Mamo Pittoni, J.
The parties to this submission, under CPLB 3222, seek a determination as to their rights under a lease, specifically with reference to the giving of a notice of the exercise of an option to renew.
It is conceded under an agreed statement of facts that the lease in question required that notice of the exercise of an option to renew be given by the tenant to the landlord in writing; that the tenant mailed to the landlord’s agent a letter stating that the tenant is exercising its opti'on to renew; and that the landlord did not receive the tenant’s letter exercising the option.
The timeliness, sufficiency and method of giving the notice is not at issue. The sole issue is whether under the facts mentioned above there was sufficient compliance with the terms of the lease to constitute the exercise of the option to renew. There was no such compliance.
Defendant tenant relies upon the presumption of law that a letter shown to have been properly addressed, stamped and mailed is presumed to have been delivered in the due course of mail (Richardson, Evidence [9th ed., Prince, 1964], § 79), a presumption which prevails even though the addressee denies receiving it (Ætna Ins. Co. v. Millard, 25 A D 2d 341).
In this case, there is more than a mere denial of receipt of the notice; there is an agreement by both parties that the notice was not received by plaintiff landlord. This agreed fact is conclusive and binding upon the court. It rebuts the presumption of delivery from mailing. The presumption being overcome, there is no proof that the tenant gave written notice of the exercise of the option to renew to the landlord.
Judgment is, therefore, granted in favor of plaintiff landlord declaring that there was no compliance with the terms of the lease to constitute the exercise of the option, to renew the lease.